The Attorney General has considered your request for an opinion wherein you ask, in essence, the following question: As to salary increases for elected state officials and state officials appointed for a definite term removable only for cause, what is the applicability of the decision in Kirk et al., v. Board of County Commissioners, County of Muskogee. The Legislature granted pay raises to county officers by adopting 19 O.S. 180.62 [19-180.62] (1978). By the terms of the act, such raises were to be effective on the commencement of the next term of office. Some of these terms began January 8, 1979, the effective date of the act. Some terms of office began in July of 1979; other terms are not to commence until January and July of 1981. The salaries of employees of county officers are tied to a percentage of the officer's salary by 19 O.S. 180.65 [19-180.65] (1977), and the salary increases for such employees were to become effective only on the commencement of the next term of the office in which they worked. The sole apparent legislative purpose involved in delaying the effective date of the salary increase for some county officers and employees was compliance with Okla. Const. Article XXIII, Section 10, which prohibits the changing of the salary or emoluments of a public official during his term of office except by operation of law enacted prior to his election or appointment. The delay in the salary increase for some officers resulted from the staggered terms of office, as the Legislature, deciding to grant the raises as quickly as possible while complying with Oklahoma Article XXIII, Section 10, made such raises effective on the commencement of the term of each office. Had the Legislature made the raises effective for all offices in July of 1981, when the last set of new terms began, there would have been no constitutional challenges to the legislation and that legislation would have complied with Okla. Const. Article XXIII, Section10. In Kirk et al., v. Board of County Commissioners, County of Muskogee, 595 P.2d 1334 (Okl. 1979), the Supreme Court held that withholding salary increases to some county officers and employees while granting the increase to others constituted a violation of the equal protection clause of the United States Constitution. In its decision the Court found that county officers constituted a distinct class of individuals. As to salary purposes this position is supported by 19 O.S. 180.61 [19-180.61] (1971), which places these officers into uniform salary classifications. The Court determined that the granting of raises to less than all the officers constituted a distinction within that class for which there was no rational basis. The Court accordingly found that the statute, by denying raises to some county officers and employees was an unequal law violative of U.S. Const. Amend. 14. In its opinion, however, the Court noted, at 1336, that: "While we do not believe that Okla. Const. Article XXIII, Section 10 is, on its face, a denial of equal protection of the laws as mandated by theFourteenth Amendment, the application of the provision in this instance is repugnant to the United States Constitution. . . . In this case we are dealing with one class, elected county officials, which comprise a group of individuals so interrelated that to differentiate that some shall receive salary increases in 1979, and the balance in 1981, makes distinction within that class. This distinction also is applied to those employees working for the elected county officials not receiving raises until 1981 . . ." We note from this language that the Court's decision in Kirk, supra, depended in large measure on the particular facts and circumstances presented by this case, the class of persons and the interests involved, and the particular statutes in question. It is important to note that the Court did not find Okla. Const. Article XXIII, Section 10 facially unconstitutional, but rather found that its application in this particular fact situation was not constitutionally permissible. We have examined the statutes and constitutional provisions relating to elective and appointive state officials and find no substantially identical situations. From the language of the Court's opinion we conclude that the case must be narrowly interpreted as controlling only in the factual setting of the Kirk case. It is, therefore, the opinion of the Attorney General that the opinion of the Court in Kirk et al., vs. Board of County Commissioners, County of Muskogee, 595 P.2d 1334 (Okl. 1979) is limited to the factual situation therein considered and has no exact or automatic application to state elective or appointive officials. (JOHN GREGORY THOMAS) (ksg)